# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

ROGER PRINGLE,          )
                        )
Plaintiff,              )
                        )
       vs.              )    CAUSE NO. 3:16-CV-781
                        )
MS. UNRUE, and MR. UNRUE, )
                        )
Defendants.             )

## OPINION AND ORDER

This matter is before the court on a complaint filed by Roger Pringle, a pro se prisoner, on November 17, 2016. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it is frivolous.

DISCUSSION

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The case initiating document filed by Pringle was two half sheets to paper taped together. Though limited, it is appropriate to liberally construe this filing as a complaint because it identifies two defendants (Ms. Unrue and Mr. Unrue), explains what they did (stole money from Pringle), and seeks relief (he wants his money). Moreover, Pringle clearly expressed his intent to file a new case because he wrote, "New Case Need Case Number →" at the top of the paper.

After Pringle mailed the document used to open this case, he filed a letter (DE 2) which provides additional information about his claim. Pringle is alleging that his sister and Mr. Unrue (her husband perhaps) stole $6,000 of insurance money that he was to have received when his mother died. This is not a federal claim. That is to say, this claim is based on a violation of State law, not federal law. Therefore if this court has jurisdiction to hear this case, it would be based on diversity of citizenship. Pringle does not identify the State citizenship of either him or either of the defendants. Nevertheless, it is clear that this court does not have diversity jurisdiction because the $6,000 claim is insufficient. "In order to support diversity jurisdiction under 28 U.S.C. sec. 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $75,000)." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir.

2001). Filing this lawsuit in this court which lacks jurisdiction over these claims was legally frivolous. *See Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011).

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass' n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

CONCLUSION

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it is frivolous.

DATED: December 5, 2016           /s/ RUDY LOZANO, Judge
                                             **United States District Court**